JS-44 (Rev 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

ROBERT BREWSTER and MARGARET BREWSTER, h/w

(b) County of Residence of First Listed Plaintiff BUCKS

(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorneys (Firm Name, Address, and Telephone Number)

John R. Padova, Jr., Esquire
THE PADOVA FIRM, P.C.
1900 Spruce Street, Philadelphia, PA 19103
(215) 893-0700

## DEFENDANTS

LIBERTY MUTUAL INSURANCE COMPANY

County of Residence of First Listed Defendant BOSTON, MASSACHUSETTS

(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

William C. Foster, Esquire/ Allison B. Goldis, Esquire
MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN
1845 Walnut Street, 18th Floor, Philadelphia, PA 19103
(215) 575-4551/ (215) 575-2897

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1. U.S. Government Plaintiff
- ☐ 3. Federal Question (U.S. Government Not a Party)
- ☐ 2. U.S. Government Defendant
- ☒ 4. Diversity (Indicates Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place An "X" in One Box for Plaintiff and One Box for Defendant)

(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen of Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☒ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment &Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits.
- ☐ 160 Stockholder's Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 195 Franchise

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury – Med Malpractice
- ☐ 365 Personal Injury – Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE / PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS – Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing / Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities—Employment
- ☐ 445 Amer. w/Disabilities—Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

**Habeas Corpus:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

## V. ORIGIN (Place an "X" in One Box Only)

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another District (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing **(Do not cite jurisdictional statutes unless diversity):**
28 U.S.C. 1332; 28 U.S.C. 1441 and 1446

Brief description of cause:
Alleged Breach of Contract and Bad Faith arising out of a claim for Underinsured Motorists benefits

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions) JUDGE Court of Common Pleas of Bucks County DOCKET NUMBER 2011-04946

DATE 6/22/11

SIGNATURE OF ATTORNEY OF RECORD [signature]

**FOR OFFICE USE ONLY**

RECEIPT # ____________ AMOUNT ____________ APPLYING IFP ____________ JUDGE ________________ MAG. JUDGE ________________

JS 44 Reverse (Rev. 11/04)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I. (a) Plaintiffs – Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney or record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V. Origin** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA – DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff 2470 Barnsleigh Drive, Bensalem, Pennsylvania 19020

Address of Defendant 175 Berkeley Street, Boston, Massachusetts 02116

Place of Accident, Incident or Transaction Bucks County, Pennsylvania

*(Use Reverse Side for Additional Space)*

---

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more if its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 8.1(a)) Yes ☒ No ☐

---

Does this case involve multidistrict litigation possibilities? Yes ☐ No ☒

*RELATED CASE, IF ANY:*

Case Number: ________ Judge ________ Date Terminated ________

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier number case pending or within one year previously terminated action in this court? Yes ☐ No ☒

---

CIVIL: (Place ✓ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases (Please specify)

B. *Diversity Jurisdiction Cases*

1. ☒ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases (Please specify)

## ARBITRATION CERTIFICATION

*(Check appropriate Category)*

I, ________ counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE ________ ________ Attorney-at-Law ________ Attorney I.D. #

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.**

DATE 6/22/11 [signature] Attorney-at-Law 03511 Attorney I.D. #

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | | |
|---|---|---|---|
| **ROBERT BREWSTER and** | **:** | | |
| **MARGARET BREWSTER, h/w** | | | |
| | | | |
| **vs.** | **:** | | |
| **LIBERTY MUTUAL INSURANCE** | **:** | | **Civil Action No.** |
| **COMPANY** | **:** | | |

**DISCLOSURE STATEMENT FORM**

| | | | |
|---|---|---|---|
| Please check one box: | | | |
| ☐ | The nongovernmental corporate parties, | | , in the |
| | above listed civil action do not have any parent corporation and publicly held corporation that owns 10% or more of its stock. | | |
| ☒ | The nongovernmental corporate party, | Liberty Mutual Insurance Company | , in the |
| | above listed civil action has the following parent corporation(s) and publicly held corporation(s) that own 10% or more of its stock. | | |
| | Liberty Mutual Holding Company Inc. owns 100% of the stock of LMHC Massachusetts Holdings Inc. LMHC Massachusetts Holdings Inc. owns 98.13% of the stock of Liberty Mutual Group Inc. Liberty International Holdings Inc. owns 1.87% of the stock of Liberty Mutual Group Inc. Liberty Mutual Group Inc. owns 100% of the stock of Liberty Mutual Insurance Company. | | |

| | | |
|---|---|---|
| 6/22/11 | | [signature] |
| Date | | Signature |
| | Counsel for: | *Defendant, Liberty Mutual Ins. Co.* |

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ROBERT BREWSTER and** | : | |
| **MARGARET BREWSTER, h/w** | | |
| | | |
| **vs.** | : | |
| **LIBERTY MUTUAL INSURANCE** | : | **Civil Action No.** |
| **COMPANY** | : | |

**DISCLOSURE STATEMENT FORM**

| | | | |
|---|---|---|---|
| Please check one box: | | | |
| ☐ | The nongovernmental corporate parties, | | , in the |
| | above listed civil action do not have any parent corporation and publicly held corporation that owns 10% or more of its stock. | | |
| ☒ | The nongovernmental corporate party, | Liberty Mutual Insurance Company | , in the |
| | above listed civil action has the following parent corporation(s) and publicly held corporation(s) that own 10% or more of its stock. | | |
| | Liberty Mutual Holding Company Inc. owns 100% of the stock of LMHC Massachusetts Holdings Inc. LMHC Massachusetts Holdings Inc. owns 98.13% of the stock of Liberty Mutual Group Inc. Liberty International Holdings Inc. owns 1.87% of the stock of Liberty Mutual Group Inc. Liberty Mutual Group Inc. owns 100% of the stock of Liberty Mutual Insurance Company. | | |

| | | |
|---|---|---|
| 6/22/11 | | [signature] |
| Date | | Signature |
| | Counsel for: | *Defendant, Liberty Mutual Ins. Co.* |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ROBERT BREWSTER and MARGARET BREWSTER, h/w | : | CIVIL ACTION |
| Plaintiffs, | : | |
| vs. | : | NO. |
| LIBERTY MUTUAL INSURANCE COMPANY | : | |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

I, William C. Foster, Esquire, hereby certify that a true and correct copy of the foregoing Disclosure Statement Form was served upon the following party via United States Mail, postage pre-paid, on the below date:

John R. Padova, Jr., Esquire
THE PADOVA FIRM, P.C.
1900 Spruce Street
Philadelphia, PA 19103
*Attorney for Plaintiffs*

**MARSHALL, DENNEHEY, WARNER COLEMAN & GOGGIN**

[signature]
WILLIAM C. FOSTER, ESQUIRE
*Attorneys for Defendant*

Dated: 6/22/11

**01/6948343.v1**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| **ROBERT BREWSTER and** | : | **CIVIL ACTION** |
| **MARGARET BREWSTER, h/w** | : | |
| **v.** | : | |
| **LIBERTY MUTUAL INSURANCE** | : | |
| **COMPANY** | : | **NO.** |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus-Cases brought under 28 U.S.C. §2241through §2255. ( )

(b) Social Security-Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration-Cases require to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos-Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management-Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management--Cases that do not fall into any one of the other tracks. (x)

| | | |
|---|---|---|
| June 22, 2011 | WILLIAM C. FOSTER | DEFENDANT |
| Date | Attorney-at-law | Attorney for |
| 215-575-4551 | 215-575-0856 | wcfoster@mdwcg.com |
| Telephone | FAX Number | E-Mail Address |

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a) The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b) In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management of Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c) The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d) Nothing in this Plan is intended to abrogate of limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e) Nothing in this Plan is intended to supersede Local Civil Rules 3 or 7, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See § 1.02(e) Management Track Definitions of the Civil Justice Expense and Delay Reduction Plan)**

Special management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions of potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ROBERT BREWSTER and MARGARET BREWSTER, h/w | : | CIVIL ACTION |
| Plaintiffs, | : | NO. |
| vs. | : | |
| LIBERTY MUTUAL INSURANCE COMPANY | : | |
| Defendant. | : | |

**NOTICE OF REMOVAL**

TO: THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

Defendant, Liberty Mutual Insurance Company ("Defendant" and/or "Liberty Mutual"), by and through its attorneys, Marshall, Dennehey, Warner, Coleman & Goggin, hereby files this Notice of Removal of this case from the Court of Common Pleas of Bucks County, Pennsylvania, where it is now pending, to the United States District Court for the Eastern District of Pennsylvania on the basis of diversity jurisdiction, and in support thereof avers as follows:

1. Plaintiffs, Robert Brewster and Margaret Brewster, husband and wife, commenced this action against Defendant Liberty Mutual by Complaint filed on June 1, 2011 in the Court of Common Pleas of Bucks County, Pennsylvania, docketed as Case Number 2011-04946. (A copy of Plaintiffs' Complaint is attached hereto and marked as Exhibit "A").

2. The Complaint was served on or about June 13, 2011.

3. Plaintiffs' Complaint asserts claims for breach of contract, bad faith conduct pursuant to 42 Pa. C.S.A. §8371 and alleged violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). (Exhibit "A").

4. The Complaint states that Plaintiffs, Robert Brewster and Margaret Brewster, husband and wife, are adult citizens residing at 2470 Barnsleigh Drive, Bensalem, Bucks County, Pennsylvania 19020. (Exhibit "A", ¶1). Therefore, upon information and belief, Plaintiffs are citizens of the Commonwealth of Pennsylvania.

5. Defendant, Liberty Mutual Insurance Company, is a corporation organized and existing under the laws of the Commonwealth of Massachusetts, with its principal place of business located at 175 Berkeley Street, Boston, Massachusetts 02116.

6. Based upon the allegations of Plaintiffs' Complaint, the amount in controversy in this action is in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, as Plaintiffs have demanded judgment against Defendant in excess of $50,000.00, together with attorney's fees for their breach of contract claim. In addition, Plaintiffs have demanded judgment in excess of $50,000.00, plus punitive damages in an amount in excess of $50,000.00 and counsel fees in connection with their bad faith claim. Finally, Plaintiffs have demanded compensatory damages in an amount excess of $50,000.00, plus treble damages in an amount in excess of $50,000.00 and attorney's fees for their UTPCPL claim. (Exhibit "A", ¶¶ 41-61).

7. As such, this Honorable Court has jurisdiction pursuant to the provisions of 28 U.S.C. §1332 based upon the fact that there exists diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00.

8. The present lawsuit is accordingly removable from the state court to the United States District Court pursuant to 28 U.S.C. §§ 1441 and 1446.

9. This Notice of Removal has been filed within thirty (30) days after receipt by Defendant of the Complaint in accordance with 28 U.S.C. § 1446(b).

10. Written notice of the filing of this Notice of Removal has been given to the adverse party in accordance with 28 U.S.C. §1446(d) and as noted in the attached Certificate of Service.

11. Promptly after filing with this Honorable Court and with the assignment of a Civil Action Number, a copy of this Notice of this Removal will be filed with the Court of Common Pleas of Bucks County, Pennsylvania in accordance with 28 U.S.C. § 1446(d).

12. Copies of all process, pleadings and other Orders which have been received by Defendant in this action are filed herewith.

**WHEREFORE**, Defendant, Liberty Mutual Insurance Company, respectfully requests that it may effect the Removal of this action from the Court of Common Pleas of Bucks County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania.

Respectfully submitted:

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

BY: ______________________

WILLIAM C. FOSTER, ESQUIRE
ALLISON B. GOLDIS, ESQUIRE
PA Attorney I.D. Nos. 03511/ 90596
1845 Walnut Street, 18th Floor
Philadelphia, PA 19103
215-575-2600/ 215-575-0856 (F)
wcfoster@mdwcg.com/abgoldis@mdwcg.com
*Attorneys for Defendant*

Dated: 6/22/11

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ROBERT BREWSTER and<br>MARGARET BREWSTER, h/w<br><br>Plaintiffs,<br><br>vs.<br><br>LIBERTY MUTUAL INSURANCE<br>COMPANY<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br>NO. |

**CERTIFICATION**

I, WILLIAM C. FOSTER, ESQUIRE, hereby certify that the facts set forth in the foregoing Notice of Removal are true and correct to the best of my knowledge, information and belief.

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

BY: ______________________
WILLIAM C. FOSTER, ESQUIRE
*Attorneys for Defendant*

Dated: 6/22/11

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**
BY: WILLIAM C. FOSTER, ESQUIRE
ALLISON B. GOLDIS, ESQUIRE
Identification Nos. 03511/ 90596
1845 Walnut Street, 18th Floor
Philadelphia, PA 19103
215-575-2600

**Attorneys for Defendant**

| | | |
|---|---|---|
| ROBERT BREWSTER and MARGARET BREWSTER, h/w<br>Plaintiffs, | : | COURT OF COMMON PLEAS OF BUCKS COUNTY |
| vs. | : | CIVIL ACTION –LAW |
| LIBERTY MUTUAL INSUANCE COMPANY<br>Defendant. | : | NO. 2011-04946 |

**NOTICE TO THE PROTHONOTARY OF BUCKS COUNTY, PENNSYLVANIA**

TO: THE PROTHONOTARY OF THE COURT OF COMMON PLEAS OF BUCKS COUNTY

Pursuant to 28 U.S.C. § 1446(a), Defendant, Liberty Mutual Insurance Company, files herewith a copy of the Notice of Removal filed in the United States District Court for the Eastern District of Pennsylvania on this date.

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

BY: ________________________
WILLIAM C. FOSTER, ESQUIRE
*Attorneys for Defendant*

Dated: 6/22/11

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ROBERT BREWSTER and<br>MARGARET BREWSTER, h/w<br><br>Plaintiffs,<br><br>vs.<br><br>LIBERTY MUTUAL INSURANCE<br>COMPANY<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION<br><br>NO. |

**CERTIFICATE OF SERVICE**

I, William C. Foster, Esquire, hereby certify that a true and correct copy of the foregoing Notice of Removal and Notice to the Prothonotary of Bucks County were served upon the following party via United States Mail, postage pre-paid, on the below date:

John R. Padova, Jr., Esquire
THE PADOVA FIRM, P.C.
1900 Spruce Street
Philadelphia, PA 19103
*Attorney for Plaintiffs*

**MARSHALL, DENNEHEY, WARNER COLEMAN & GOGGIN**

WILLIAM C. FOSTER, ESQUIRE
*Attorneys for Defendant*

Dated: 6/22/11

01/6947807.v1

# EXHIBIT "A"

0839662-05
J.C.C.

# ORDERFORSERVICE

DATE

PROT.

Case Number: 2011-04946 0
Receipt: 2011-39-01539 Judge:37
Code: 531 Filing: 9491130
Patricia Bachtle - Bucks Co Prothonotary
B09 6/1/2011 9:15:19 AM

TO: SHERIFF OF BUCKS COUNTY

FROM: John R. Padova Jr., Esquire
1900 Spruce Street
Philadelphia, PA 19103

WRIT AND OR
COMPLAINT
ASSUMPSIT
TRESPASS
EQUITY
DIVORCE

Robert + Margaret Brewster
Plaintiff

Vs.

Liberty Mutual Insurance Co.
Defendant

SERVE AT: (If R.D. Address must include specific instructions, also must have Apt. Number and Apt. Bldg. Number)

RECEIPT # 2011 1 09453
TRANSACTION # CV 2011 04946
FOR P THE PADOVA FIRM
06/02/2011 10:53
PC #0006656 38.00
TOTAL PAID 38.00
TOTAL COST 38.00
CHANGE 0.00

STREET 512 East Township Line Road

POST OFFICE

TOWNSHIP Blue Bell, PA 19422

SPECIAL INSTRUCTIONS: (Use other side if necessary)

RECEIVED
11 JUN 10 AM 10:53
OFFICE OF THE SHERIFF
MOT'G CO. OF PA.

SERVICE WAS NOT MADE BECAUSE

V-01 (06/02)

# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet
______________________ County

Case Number: 2011-04946 0
Receipt: 2011-39-01539 Judge:37
Code: 531 Filing: 9491130
Patricia Bachtle - Bucks Co Prothonotary
B09 6/1/2011 9:15:19 AM

TIME STAMP

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

**SECTION A**

**Commencement of Action:**
- ☒ Complaint
- ☐ Writ of Summons
- ☐ Petition
- ☐ Transfer from Another Jurisdiction
- ☐ Declaration of Taking

Lead Plaintiff's Name: Robert Brewster

Lead Defendant's Name: Liberty Mutual Insurance Company

**Are money damages requested?** ☒ Yes ☐ No

Dollar Amount Requested: (check one) ☐ within arbitration limits ☒ outside arbitration limits

**Is this a *Class Action Suit*?** ☐ Yes ☒ No

**Is this an *MDJ Appeal*?** ☐ Yes ☒ No

Name of Plaintiff/Appellant's Attorney: John R. Padova, Jr., Esquire

☐ **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

**SECTION B**

**Nature of the Case:** Place an "X" to the left of the ONE case category that most accurately describes your *PRIMARY CASE*. If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
- ☐ Intentional
- ☐ Malicious Prosecution
- ☐ Motor Vehicle
- ☐ Nuisance
- ☐ Premises Liability
- ☐ Product Liability *(does not include mass tort)*
- ☐ Slander/Libel/ Defamation
- ☐ Other:

**MASS TORT**
- ☐ Asbestos
- ☐ Tobacco
- ☐ Toxic Tort - DES
- ☐ Toxic Tort - Implant
- ☐ Toxic Waste
- ☐ Other:

**PROFESSIONAL LIABLITY**
- ☐ Dental
- ☐ Legal
- ☐ Medical
- ☐ Other Professional:

**CONTRACT** *(do not include Judgments)*
- ☐ Buyer Plaintiff
- ☐ Debt Collection: Credit Card
- ☐ Debt Collection: Other
- ☐ Employment Dispute: Discrimination
- ☐ Employment Dispute: Other
- ☒ Other: Insurance (UIM)

**REAL PROPERTY**
- ☐ Ejectment
- ☐ Eminent Domain/Condemnation
- ☐ Ground Rent
- ☐ Landlord/Tenant Dispute
- ☐ Mortgage Foreclosure: Residential
- ☐ Mortgage Foreclosure: Commercial
- ☐ Partition
- ☐ Quiet Title
- ☐ Other:

**CIVIL APPEALS**

Administrative Agencies
- ☐ Board of Assessment
- ☐ Board of Elections
- ☐ Dept. of Transportation
- ☐ Statutory Appeal: Other
- ☐ Zoning Board
- ☐ Other:

**MISCELLANEOUS**
- ☐ Common Law/Statutory Arbitration
- ☐ Declaratory Judgment
- ☐ Mandamus
- ☐ Non-Domestic Relations Restraining Order
- ☐ Quo Warranto
- ☐ Replevin
- ☐ Other:

RECEIVED
11 JUN 10 AM 10: 53
OFFICE OF THE SHERIFF
MONT'G CO. OF PA.

*Updated 1/1/2011*

THE PADOVA FIRM P.C.
BY: JOHN R. PADOVA, JR., ESQUIRE
ATTORNEY I.D. NO: 52626
1900 SPRUCE STREET
PHILADELPHIA, PA 19103
(215) 893-0700

ATTORNEYS FOR PLAINTIFFS

THIS IS A MAJOR JURY MATTER.
JURY TRIAL IS DEMANDED

| | | |
|---|---|---|
| **ROBERT BREWSTER AND MARGARET BREWSTER, h/w**<br>**2470 Barnsleigh Drive**<br>**Bensalem, PA 19020** | : | **COURT OF COMMON PLEAS**<br>**BUCKS COUNTY** |
| **vs.** | : | |
| **LIBERTY MUTUAL INSURANCE COMPANY**<br>**512 East Township Line Road**<br>**Blue Bell, PA 19422** | : | **NO:** |

RECEIVED
11 JUN 10 AM 10:
OFFICE OF THE SHERIFF
MOT'G CO. OF PA.

## CIVIL ACTION COMPLAINT
## (Other - Insurance (UIM)

"NOTICE

"You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

"YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

BUCKS COUNTY BAR ASSOCIATION
LAWYER REFERRAL and INFORMATION SERVICE
135 East State Street
Doylestown, Pennsylvania 18901
(215) 348-9413"

"AVISO

"Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias, de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

"LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A AL OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

ASSOCIACION DE LICENDIADOS DE FILADELFIA
SERVICIO DE REFENCIA E INFORMACION LEGAL

135 East State Street
Doylestown, Pennsylvania 18901
Telefono: (215) 348-9413"

**THE PADOVA FIRM, P.C.**
By: John R. Padova, Jr., Esquire
Identification No.: 52626
1900 Spruce Street
Philadelphia, PA 19103
(215) 893-0700

ATTORNEY FOR PLAINTIFFS

| | | |
|---|---|---|
| **ROBERT BREWSTER and MARGARET BREWSTER, h/w<br>2470 Barnsleigh Drive<br>Bensalem, PA 19020** | : | **COURT OF COMMON PLEAS<br>BUCKS COUNTY<br>CIVIL ACTION--LAW** |
| **vs.** | : | |
| **LIBERTY MUTUAL INSURANCE COMPANY<br>512 East Township Line Road<br>Blue Bell, PA 19422** | : | **NO.** |

RECEIVED
11 JUN 10 AM 10:53
OFFICE OF THE SHERIFF
MOT'G CO. OF PA

**COMPLAINT**

1. Plaintiffs, Robert Brewster and Margaret Brewster, husband and wife, are adult individuals residing at 2470 Barnsleigh Drive, Bensalem, Bucks County, Pennsylvania 19020.

2. Defendant, Liberty Mutual Insurance Company (hereinafter "Liberty Mutual"), is a corporation duly registered to conduct business and licensed by the Insurance Commissioner to issue policies of insurance in the Commonwealth of Pennsylvania, maintaining an office at 512 East Township Line Road, Blue Bell, Montgomery County, Pennsylvania 19422, and regularly conducts business in Bucks County.

3. At all times material herein, the tortfeasor, Johann Price, an adult individual residing at 4308 Lehigh Street, Allentown, Lehigh County, Pennsylvania 18103 (hereinafter the "Tortfeasor") operated, owned, possessed and controlled the motor vehicle which was involved in the June 6, 2007 motor vehicle accident involving Plaintiff Robert Brewster.

4. On or about June 6, 2007, Plaintiff, Robert Brewster, was operating his vehicle

traveling South on Route 378 at or near its intersection with Center Valley Parkway, in Upper Saucon Township, Lehigh County, Pennsylvania, when the Tortfeasor illegally made a left hand turn in front of Plaintiff, causing a head on collision and causing Plaintiff to suffer severe and permanent injuries as more fully set forth more particularly hereinafter.

5. The automobile accident complained of herein above and the Plaintiff's injuries arising therefrom were caused solely as the result of the negligence and recklessness of the Tortfeasor and were due in no manner whatsoever to any act or failure to act on the part of Plaintiff Robert Brewster.

6. At the time and place aforesaid, the negligence and careless of the Tortfeasor consisted of the following:

(a) Failure to operate and control said motor vehicle;

(b) Disregarding the rights, safety and position of the Plaintiff at the point aforesaid;

(c) Failure to keep a proper lookout;

(d) Disregarding traffic signals;

(e) Failing to stop within the assured clear distance;

(f) Failing to give notice of approach;

(g) Driving at an excessive rate of speed under the circumstances;

(h) Improper/careless turning;

(i) Operating his vehicle on the wrong side of the roadway;

(j) Violating the local ordinances and regulations of Upper Saucon Township and the Motor Vehicle Codes of the Commonwealth of Pennsylvania pertaining to proper operation of a motor vehicle on the streets and highways; and

(k) Being otherwise negligent, careless and reckless under the circumstances. 7.

7. At all times material to this accident, the Full Tort Option under the Pennsylvania Motor Vehicle Financial Responsibility Law applies to the Plaintiffs.

8. As a result of the aforesaid accident, Plaintiff, Robert Brewster, sustained severe, serious and grievous injuries to his body, a severe impairment of bodily function, some or all of which may be permanent, including but not limited to: a sternal fracture with restrosternal hematoma; Surgery - Right scapholunate ligament reconstruction, right arthroscopic triangular fibrocartilage debridement, right posterior osseous neurectomy, Fluoroscopic examination, short-arm splint; cervical sprain and strain; thoracic sprain and strain; lumbosacral sprain and strain; Degenerative changes with disc space narrowing and a prominent grade I anterior spondylolisthesis at L5-S1 with an associated broad herniation extending into the neural foramina bilaterally, more so into the left L5-S1 neural foramen, which is significantly narrowed which encroaches the left L5 nerve root; facet hypertrophy at the L4-L5 disc with a central herniation with rather prominent canal stenosis; Broad herniation of the L3-4 disc with moderate canal stenosis and mild degenerative changes; Disc protrusion, shallow broad herniation of the L2-3 disc, more so on the right, without stenosis; Degenerative changes with prominent disc space narrowing at C4-5, C5-6 and C6-7, with prominent anterior spur formation at C4-5 and to a lesser extent, C5-6 and C6-7; Broad herniation at C4-5 with narrowing of the neural foramina bilaterally; Broad herniation at C5-6 with narrowing of the neural foramina ; Broad herniation across the C6-7 disc with narrowing of the C6-7 neural foramina bilaterally; Broad herniation across the C7-T1 disc space, more prominent on the right with prominent thecal sac compression with narrowing of the right C7-T1 neural foramen; Small central herniation at the C3-4 disc with

narrowing of the neural foramina; Central disc bulge at C2-3 with narrowing of the neural foramina bilaterally; Synovitis or joint effusion related to all the related joints of the wrist; Cystic change and marrow edema within several of the carpal bones as well as the distal ulna Suspicion for a tear of the scapholunate ligament; together with anxiety and severe shock to his nerves and nervous system.

9. As a further result of the accident, Plaintiff, Robert Brewster, has expended various sums for medical treatment and may, in the future, be required to expend additional sums to treat and cure his injuries.

10. As a further result of the accident, Plaintiff, Robert Brewster, has or may suffer a severe loss of earnings and impairment of his earning capacity and power.

11. As a direct result of this accident, Plaintiff, Robert Brewster, has suffered and will in the future suffer great pain and suffering, discomfort, embarrassment, mental anguish and his ability to enjoy the pleasures of life are impaired and will in the future be interrupted and impaired.

12. As a direct result of this accident Plaintiffs sustained property damage to their motor vehicle requiring necessary and reasonable repairs.

13. As a direct result of this accident, Plaintiff, Robert Brewster, has or may hereafter incur other financial expenses or losses which do or may exceed amounts which he may otherwise be entitled to recover.

14. At the time of the collision, the Tortfeasor was insured by Erie Insurance Company (hereinafter "Erie") with bodily injury liability protection limits in the amount of $100,000/$300,000.

15. The tortfeasor's bodily injury policy limits are not adequate to compensate the Plaintiff for the injuries she sustained as a result of the subject collision.

16. At the time of the collision, Plaintiff Robert Brewster was driving an automobile owned by himself and his wife, Plaintiff Margaret Brewster and insured by Liberty Mutual, Policy No. AO-288-083150-70 6 6 (the "Policy"). A copy of the Policy is attached as Exhibit "A."

17. Plaintiffs selected bodily injury liability coverage in the amount of $100,000 per person/$300,000 per accident, an amount greater than the minimum coverage required by the Commonwealth of Pennsylvania, in order to protect the financial integrity of persons who may suffer bodily injury as a result of the insured driver's negligence while operating a motor vehicle.

18. As a result of Plaintiffs' election of bodily injury liability limits in an amount greater than the minimum coverage required by law, Plaintiffs paid, and Defendants accepted, increased premium payments.

19. At the time Plaintiffs purchased the Policy, they elected to purchase Underinsured Motorist Coverage in the amount of $100,000 per person/$300,000 per accident.

20. As a result of Plaintiffs' selection of Underinsured Motorist Coverage, they paid, and the Defendants accepted, increased premium payments.

21. Pursuant to the Insuring Agreement section of the Policy's Underinsured Motorist Coverage Endorsement (Pennsylvania/Non-Stacked), Liberty Mutual agreed to "pay compensatory damages which an 'insured' is legally entitled to recover from the owner or operator of an 'underinsured motor vehicle' because of 'bodily injury" "1. [s]ustained by an 'insured'; and 2. [c]aused by an accident."

22. The Policy's Insuring Agreement further provides:

We will pay under this coverage only if 1. or 2. below applies:
1. The limits of liability under any applicable bodily injury liability bonds or policies have been exhausted by payment of judgments or settlements; or
2. A tentative settlement has been made between an "insured" and the insurer of the "underinsured motor vehicle" and we:
   a. Have been given prompt written notice of such tentative settlement; and
   b. Advance payment to the "insured" in an amount equal to the tentative settlement within 30 days after receipt of notification

23. Pursuant to the Limit of Liability section of the Policy's Underinsured Motorist Coverage Endorsement, the limit of liability shown in the Schedule or the Declarations for Underinsured Motorist Coverage is Liberty Mutual's maximum limit of liability for all damages resulting from any one accident.

24. The Policy does not provide for arbitration of disputes as to the insured's entitlement to recover damages from the owner or operator of the underinsured motor vehicle or as to the amount of such damages.

25. Instead, the Policy contains only a section entitled "Lawsuits Against Us" which provides: "You must comply with the terms of the policy before you may sue us. Suit may be brought in a court of competent jurisdiction in the county and state of your legal domicile at the time of the accident."

26. A lawsuit against Liberty Mutual pursuant to the "Lawsuits Against Us" section of the Policy's Underinsured Motorist Coverage Endorsement is the only remedy provided under the Policy for resolving a dispute as to the insured's entitlement to recover damages from the owner or operator of the underinsured motor vehicle or as to the amount of such damages.

27. By letter dated November 10, 2008, counsel for the Plaintiff timely advised

Liberty Mutual of Plaintiffs' intention to pursue an Underinsured Motorist claim under the Policy's Underinsured Motorist Coverage.

28. By letter dated April 27, 2009, counsel for Plaintiff again advised Liberty Mutual of Plaintiffs' Underinsured Motorist claim and forwarded copies of all medical records in the file as well as a Medical Summary prepared by counsel.

29. By letter dated September 14, 2009, counsel for Plaintiffs advised Liberty Mutual that the Tortfeasor's liability carrier, Erie, had offered $97,000.00 to settle the Plaintiffs' third party claim.

30. On September 16, 2009, Liberty Mutual acknowledged counsel for Plaintiffs' September 14, 2009 letter and requested a copy of the Complaint as well as the letter from Erie Insurance Company confirming the settlement offer.

31. On September 21, 2009, counsel for Plaintiffs forwarded the requested documents as well as Erie's Declaration Page and a copy of the proposed General Release.

32. On September 24, 2009, Liberty Mutual waived subrogation and granted Plaintiffs consent to settle their claim with Erie and the Tortfeasor for $97,000.00, taking credit for the full $100,000.00.

33. Although counsel for Plaintiffs had forwarded copies of all available medical records to Liberty Mutual on April 29, 2009, Liberty Mutual failed and refused to make any effort to evaluate Plaintiffs' Underinsured Motorist claim and instead repeatedly requested execution of a form medical authorization containing no limitations as to subject matter, scope or time period, and the name and address of Robert Brewster's family doctor; form letters were sent on October 27, 2009, March 19, 2010, July 19, 2010 and September 3, 2010.

34. Liberty Mutual made no effort to evaluate Plaintiffs' Underinsured Motorist claims on the basis of the voluminous medical documentation already provided.

35. Counsel for Plaintiffs forwarded a copy of the complete medical file of Dr. Mermelstein, Robert Brewster's family physician, covering the years 2004 to 2007 to Liberty Mutual on September 2, 2010.

36. In a letter dated September 8, 2010, Liberty Mutual acknowledged receipt of Dr. Mermelstein's records but again insisted on a signed medical authorization, and requested in addition the name and address of Robert Brewster's employer.

37. By letter dated October 21, 2010, counsel for Plaintiffs forwarded to Liberty Mutual a copy of Robert Brewster's Personnel File with the Whitehall-Coplay School District, Robert Brewster's employer.

38. On December 20, 2010, counsel for Plaintiffs forwarded to Liberty Mutual a signed medical authorization for the release of any and all information, records or reports regarding Robert Brewster's personal injury claims arising from the June 7, 2007 accident, including any and all diagnoses, radiographic and other diagnostic studies, treatments, therapies, prescription medications and prognoses.

39. In a letter dated December 28, 2010, Liberty Mutual took issue with the medical authorization signed by Robert Brewster on the ground that it was limited to records pertaining to Robert Brewster's June 6, 2007 accident, and indicated a desire to obtain records pertaining to subsequent claims allegedly made by Robert Brewster arising out of accidents on October 10, 2008 and April 21, 2009.

40. As of December 28, 2010, it is evident that Liberty Mutual had still made no

effort whatsoever to evaluate the Underinsured Motorist claim made on behalf of Plaintiffs in writing on November 10, 2008, more than two years earlier, after failing even to acknowledge that claim for more than 10 months, notwithstanding receipt of all medical records in the case file, as well as four years worth of records from Robert Brewster's treating physician, and Robert Brewster's Personnel File.

**COUNT I**
**BREACH OF CONTRACT**

41. Plaintiffs herein incorporate all of the averments set forth above in the preceding paragraphs inclusively as if they were fully set forth herein.

42. Plaintiff has fully complied with all of the terms, conditions and duties required under the policy.

43. Liberty Mutual has failed to objectively and fairly evaluate Plaintiffs' claim.

44. Liberty Mutual has failed to promptly offer payment of the reasonable and fair value of the claim to Plaintiffs.

45. Liberty Mutual has failed reasonably to investigate Plaintiffs' claim because a thorough and proper inquiry would have revealed that Plaintiff Robert Brewster sustained serious injuries to his cervical, thoracic and lumbosacral spine, wrist and sternum as more particularly described hereinabove.

46. As the insurer of Plaintiffs, Liberty Mutual owes a fiduciary, contractual and statutory obligation to them to investigate, evaluate and negotiate their underinsured motorist claim in good faith and to arrive at a prompt, fair and equitable settlement.

47. Pursuant to the terms of the foregoing automobile insurance policy, Liberty

Mutual was obligated to provide underinsured motorist benefits to Plaintiff Robert Brewster in accordance with the provisions of the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. § 1701, et seq.

48. By virtue of the foregoing automobile insurance policy provisions and the governing law, Liberty Mutual owed a duty to Plaintiffs to pay for all damages that they were legally entitled to recover from the operator of an underinsured motorist vehicle as a result of the automobile accident of June 6, 2007.

49. Liberty Mutual, in failing to offer any underinsured motorist benefits, was in violation of statutory law as well as the terms and conditions of the foregoing automobile insurance policy.

50. For the reasons set forth above, Liberty Mutual has violated its obligations under the Policy.

51. The failure of Liberty Mutual to abide by its contractual obligation to pay benefits under the Policy's Underinsured Motorist Coverage caused Plaintiffs to incur expense, suffer unnecessary delay and hardship, and otherwise sustain damages that would have been avoided if Liberty Mutual had promptly and reasonably honored and complied with its statutory and contractual obligations.

52. As a direct and proximate result of Liberty Mutual's aforementioned conduct, Plaintiffs still have not received any payment of Underinsured Motorist benefits.

53. As a result of Liberty Mutual's breach of its duties under the Policy and under Pennsylvania law, Plaintiffs have suffered actual and consequential damages.

WHEREFORE, Plaintiffs Robert Brewster and Margaret Brewster demand judgment in

their favor and against Defendant Liberty Mutual Insurance Company in an amount in excess of Fifty Thousand ($50,000.00) Dollars together with reasonable attorney's fees, interest and costs of suit and such other and further relief as the Court may deem just and proper under the circumstances.

**COUNT II**
**BAD FAITH LIABILITY—42 PA.C.S.A. § 8371**

54. Plaintiffs herein incorporate all of the averments set forth above in the preceding paragraphs inclusively as if they were fully set forth herein.

55. Liberty Mutual's conduct and actions in repeatedly failing to pay Underinsured Motorist benefits to Plaintiffs, and/or failing to offer to settle Plaintiffs' Underinsured Motorist claim, constitutes bad faith on the part of Liberty Mutual towards its insureds, Robert Brewster and Margaret Brewster in that Liberty Mutual:

a. failed to promptly and reasonably respond to Plaintiffs' counsel's demands for prompt payment of Plaintiffs' Underinsured Motorist benefits after Liberty Mutual had been provided with medical and wage loss documentation that clearly established that immediate payment of such Underinsured Motorist limits was justifiable and warranted;

b. unreasonably and vexatiously delayed payment of Underinsured Motorist benefits to Plaintiffs when it was clear that immediate payment of the Underinsured Motorist policy limits was justified and warranted;

c. failed to make any settlement offer or payment to Plaintiffs, thereby compelling Plaintiffs to institute a civil action and incur additional costs to recover those benefits rightly due to them;

d. required Plaintiffs and their counsel to needlessly expend additional time, expense, and effort in order to prepare for and proceed with the commencement, preparation and trial of a civil action, which proceeding would not have been necessary if Liberty Mutual acted in good faith and promptly paid Plaintiffs the Underinsured Motorist benefits rightly due to them;

e. failed and/or refused to pay the full amount of Plaintiffs' Underinsured Motorist benefits and damages without a reasonable foundation to do so;

f. forced Plaintiffs to unnecessarily incur significant debt for their daily living expenses by failing to promptly pay Underinsured Motorist benefits that were rightly due to them;

g. failed to acknowledge or act promptly upon written communications with respect to Plaintiffs' Underinsured Motorist claim under the foregoing automobile insurance policy;

h. failed to adopt and implement reasonable standards for the prompt investigation and payment of Underinsured Motorist claims arising out of Plaintiffs' automobile insurance policy;

i. failed to pay Plaintiffs' Underinsured Motorist claim within a reasonable time after supporting medical and wage loss documentation had been provided to Liberty Mutual,

j. failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' Underinsured Motorist claim even though there was no issue as to Liberty Mutual's liability for Underinsured Motorist benefits;

k. failed to exercise the utmost good faith and discharge of its statutory and contractual duties to Plaintiffs; and

l. engaged in unfair claims settlement and insurance practices in violation of the

common law and Liberty Mutual's statutory obligations as a licensed and regulated insurance company.

56. As a result of Liberty Mutual's bad faith conduct and actions, Plaintiffs are entitled to recover, in addition to their Underinsured Motorist benefits, additional damages for:

a. interest on the entire amount of the Underinsured Motorist award in an amount equal to the prime rate of interest plus three percent;

b. punitive damages against Liberty Mutual; and

c. reasonable counsel fees and Court costs incurred by Plaintiffs in prosecuting this action as well as the aforesaid underinsured motorist arbitration proceeding.

WHEREFORE, Plaintiffs Robert Brewster and Margaret Brewster demand judgment in their favor and against Defendant Liberty Mutual Insurance Company in an amount in excess of Fifty Thousand ($50,000.00) Dollars, an amount in excess of Fifty Thousand ($50,000.00) Dollars for punitive damages against Defendant Liberty Mutual Insurance Company, interest on the entire amount of the Underinsured Motorist award in amount equal to the prime rate of interest plus three percent, and reasonable counsel fees and costs incurred by Plaintiffs in prosecuting this action.

**COUNT III**
**UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW**
**73 P.S. § 201-1 ET SEQ.**

57. Plaintiff herein incorporates all of the averments set forth above in the preceding paragraphs inclusively as if they were fully set forth herein.

58. Liberty Mutual engaged in conduct and actions constituting unfair and deceptive acts and practices as defined in 73 P.S. §201-2(4)(v) by, *inter alia*, representing that that it would

pay compensatory damages which an insured is legally entitled to recover from the owner or operator of an underinsured motor vehicle because of bodily injury sustained by an insured and caused by an accident pursuant to the Underinsured Motorist Coverage provisions of the Policy, for which it charged and was paid a premium, when in reality the so-called Underinsured Motorist Coverage was illusory and did not possess the characteristics, uses, benefits and qualities represented because Liberty Mutual

a. failed and/or refused to pay Plaintiffs' Underinsured Motorist claims without a reasonable foundation to do so;

b. forced Plaintiffs to unnecessarily incur significant debt for their daily living expenses by failing to promptly pay Underinsured Motorist benefits that were rightly due to them;

c. failed to acknowledge or act promptly upon written communications with respect to Plaintiffs' Underinsured Motorist claim under the foregoing automobile insurance policy;

d. failed to adopt and implement reasonable standards for the prompt investigation and payment of Underinsured Motorist claims arising out of Plaintiffs' automobile insurance policy;

e. failed to pay Plaintiffs' Underinsured Motorist claim within a reasonable time after supporting medical and wage loss documentation had been provided to Liberty Mutual;

f. failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' Underinsured Motorist claim even though there was no issue as to Liberty Mutual's liability for Underinsured Motorist benefits;

g. failed to exercise the utmost good faith and discharge of its statutory and

contractual duties to Plaintiffs; and

h. engaged in unfair claims settlement and insurance practices in violation of the common law and Liberty Mutual's statutory obligations as a licensed and regulated insurance company.

59. Liberty Mutual's conduct and actions constitute unfair and deceptive practices that created a likelihood of confusion or misunderstanding on the part of Plaintiffs and other insureds.

60. As a result of Liberty Mutual's conduct and actions, Plaintiffs is entitled to maintain a private cause of action against Liberty Mutual pursuant to 73 P.S. § 201-9.2 of the Unfair Trade Practices and Consumer Protection Law.

61. Pursuant to § 201-9.2(a) of the Unfair Trade Practices and Consumer Protection Law, Plaintiffs are entitled to recover all of the damages set forth in the preceding paragraphs which are hereby incorporated by reference, plus treble damages and other such additional relief as is deemed necessary or proper.

WHEREFORE, Plaintiffs Robert Brewster and Margaret Brewster demand judgment in their favor and against Defendant Liberty Mutual Insurance Company for compensatory damages in an amount in excess of Fifty Thousand ($50,000.00) Dollars, plus treble damages in an amount in excess of Fifty Thousand ($50,000.00) Dollars, reasonable attorney's fees, interest and costs of suit, as well as such other additional relief as the Court deems just and proper.

Respectfully submitted,

**PADOVA & LISI**

**By:** ______________________________

**JOHN R. PADOVA, JR., ESQUIRE**
Attorney for Plaintiffs

**VERIFICATION**

I, Robert Brewster, am the Plaintiff in the foregoing action and hereby verify that the statements made in the foregoing pleading are true and correct to the best of my knowledge, information and belief.

Those statements are made subject to the penalties of 18 Pa.C.S. §4909 pertaining to unsworn falsification to authorities.

DATE: 5-27-11 X Robert Brewster